Samuel Henderson (SBN: 279717)
Henderson Consumer Law
185 W. F St, Ste. 100-J
San Diego, CA 92101
Tel: (760) 575-4594
Fax: (760) 688-3732
Email:henderson@hendersonconsumerlaw.com

Alara Chilton (SBN 236711)
Law Office of Alara T. Chilton
185 W. F. Street Ste. 100-J
San Diego, CA 92101
Tel: (619) 672-7201
Fax: (619) 924-7354
Email:alarachilton@gmail.com

Attorneys for Plaintiff,
Martin Bellamy

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN V. BELLAMY<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>VENGROFF WILLIAMS, INC., a Florida corporation; NCC BUSINESS SERVICES, INC., a Florida corporation; GM FINANCIAL, an unknown business entity, and DOES 1 through 10<br><br>　　　　　　Defendant(s). | Civil CASE NO.: **'16CV1824 BEN BLM**<br><br>PLAINTIFF MARTIN BELLAMY'S COMPLAINT FOR:<br><br>• VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;<br><br>• VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT;<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Plaintiff Martin V. Bellamy ("Plaintiff or Mr. Bellamy"), through his counsel brings this action to challenge the acts of Vengroff Williams, Inc., ("Vengroff Williams"), NCC Business services, Inc., ("NCC"), and GM Financial ("GM") (collectively "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff and this caused Plaintiff damages.

### JURISDICTION AND VENUE

2. Original Jurisdiction of this Court arises pursuant to Title 15 of the United States Code sections 1692, *et seq.*, (the federal FDCPA), and Title 28 of the United States Code sections 1331.  Further, this Court has supplemental jurisdiction pursuant to Title 28 of the United States Code section 1367.

3. Venue is proper in the United States District Court, Southern District of California because Defendants transact business in San Diego County, and a substantial portion of the acts giving rise to this action occurred in San Diego County.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

# PARTIES

8. Plaintiff Martin V. Bellamy is a natural person, an adult, and resides in San Diego County, California, and was a resident of San Diego County at the time of the acts complained of here.

9. Defendants claimed that Plaintiff is obligated to pay a debt incurred for personal, family or household purposes, and therefore Plaintiff is a "consumer" as that term is defined by U.S.C. §1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

12. Plaintiff is informed and believes that Defendant Vengroff Williams, Inc. ("Vengroff Williams") is and was at all times relevant in this complaint, a Florida Corporation with its principal place of business at 8440 N. Tamiami TRL, Sarasota, Florida 34243, who was conducting and engaging in business in California.

13. Plaintiff is informed and believes, and based thereon, alleges that Defendant Vengroff Williams is person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

14. Plaintiff is informed and believes that Defendant NCC Business services, Inc., ("NCC") is and was at all times relevant in this complaint, a Florida Corporation

with its principal place of business at 9428 Baymeadows Road, Suite 200, Jacksonville, Florida 32256.

15. Plaintiff is informed and believes, and based thereon, alleges that Defendant NCC is person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

16. Defendant GM, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

17. Defendant NCC, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

18. Defendant Vengroff Williams, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

19. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

# JURY TRIAL DEMAND

20. Mr. Bellamy demands a jury trial.

# FACTUAL ALLEGATIONS

21. Mr. Bellamy has allegedly incurred a financial obligation to an original creditor, Defendant GM.

22. The debt arose form a vehicle retail installment contract for the purchase of a 2006 GMC Envoy. On information and belief, the purchase was primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

23. Third party debt collector, Defendant Vengroff Williams, mailed a demand letter to Mr. Bellamy dated July 16, 2015 ("VM Demand Letter") at his home address in San Diego.

24. The VM Demand Letter falsely asserted Mr. Bellamy owes $8,591.33 on account no. 0444218986.

25. The VM Demand Letter further asserted it was collecting for Defendant GM on account 0444218986.

26. Third party debt collector, NCC mailed a demand letter to Mr. Bellamy dated January 12, 2016 ("NCC Demand Letter") at his home address in San Diego.

27. The NCC Demand Letter falsely asserted Mr. Bellamy owes $8,591.33 on account client no. ending in 8986.

28. The NCC Demand Letter further asserted it was collecting for Defendant GM on account 3739073.

29. Sometime after January 12, 2016, Mr. Bellamy sent a letter to Defendant NCC, disputing the validity of the debt, requesting a verification of the debt, seeking the name of the alleged original creditor, and demanding that Defendant NCC cease communications with him regarding the alleged debt.

30. Defendant NCC mailed Mr. Bellamy a letter dated March 4, 2016 ("NCC Verification Letter").

31. The NCC Verification Letter falsely stated Mr. Bellamy owes $8,591.33 on account client no. ending in 8986.

32. The NCC Verification letter further stated it "enclosed detailed information to substantiate the debt" and contained certain documents, including (1) "Deficiency Calculation", (2) "Retail Installment Sale Contract Simple Finance Charge" ("RISC"), and (3) a purported accounting of the amount due.

33. The RISC, dated August 28, 2010, was for the purchase of a 2006 used GMC Envoy ("Vehicle"), in Hanover, Maryland. The RISC listed Mr. Bellamy's address in Maryland.

34. At the time of the purchase of the Vehicle, Mr. Bellamy did not live in Maryland, nor was he even in the state of Maryland. Indeed, Mr. Bellamy lived here, in San Diego.

35. The address listed on the RISC was not Mr. Bellamy's correct address on August 28, 2010. The signatures listed on the RISC were not his signatures.

36. Mr. Bellamy has never authorized anyone to use his name, or sign on his behalf, for the purchase of the Vehicle.

37. Furthermore, Mr. Bellamy has never agreed to be responsible for payments on the vehicle.

38. As a result of the actions of defendants, Mr. Bellamy has suffered damages.

**ALLLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION**
**FIRST CLAIM FOR RELIEF**
**(Violations of the FDCPA by Defendant Vengroff Williams, and Defendant NCC)**

39. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through 38 above.

40. Defendant Vengroff Williams, and Defendant NCC violated the FDCPA. Defendants' violations include, but are not limited to, the following:

     a. Violations of Title 15 United States Code section 1692e, by making a false, deceptive or misleading misrepresentation in the collection of a debt;

     b. Violations of Title 15 United States Code section 1692e(2)(A), by making a false representation of the character, amount, or legal status of any debt; and,

     c. Violations of Title 15 United States Code section 1692f(1) by attempting to collect unauthorized amounts.

41. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to any actual damages sustained as a result of Defendants Vengroff Williams and NCC's conduct, in an amount according to proof; to statutory damages of $1,000.00; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal FDCPA by all Defendants)**

42. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through 41 above.

43. Defendants violated the Rosenthal FDCPA. Defendants' violations include, but are not limit to, the following:

     a. Defendants violated California Civil Code section 1788.17 by violating Title 15 United States Code sections 1692e, by making a false, deceptive or misleading misrepresentation in the collection of a debt;

     b. Defendants violated California Civil Code section 1788.17 by violating Title 15 United States Code section 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt;

      c.  Defendants violated California Civil Code section 1788.17 by violating of Title 15 United States Code section 1692f(1) by attempting to collect unauthorized amounts.

44. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to any actual damages pursuant to California Civil Code §1788.30(a); statutory damages in an amount up to $1,000.00 pursuant to California Civil Code §1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code §1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Vengroff Williams and Defendant NCC;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Vengroff Williams and Defendant NCC;

3. An award of actual damages pursuant to California Civil Code §1788.30(a) against all Defendants;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) against each Defendant;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Vengroff Williams, and Defendant NCC;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code §1788.30(c) against all defendants;

7. Interest, if applicable; and,

8. Award Plaintiff any other relief as may be just and proper

                              Respectfully submitted,

Date: July 15, 2016                /s/ Samuel Henderson
                                        Samuel Henderson
                                        Attorney for Plaintiff